**DAWCO CONSTRUCTION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 450–86C.**

United States Claims Court.

June 16, 1987.

R.D. Cornona, San Diego, Cal., for plaintiff.

Lynn J. Bush, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. John McMunn, Naval Facilities Engineering Command, of counsel.

## ORDER

### MOODY R. TIDWELL, III, Judge:

Defendant moved to dismiss the complaint on the grounds that plaintiff's claim for equitable adjustment under a contract with the Department of the Navy was time barred by the 12–month statute of limitations contained in the Contract Disputes Act of 1978, 41 u.S.C. § 609(a)(3). That Act requires the contracting officer, upon receipt of a properly certified claim over $50,000 to issue a decision within 60 days or tell plaintiff when the decision will be answered, provided however, that if the contracting officer fails to render a decision within the required time frame, the contracting officer will be deemed to have denied the claim, thereby authorizing the

commencement of suit in this court. 41 U.S.C. § 605(c)(5) (1982).

In the case at bar plaintiff submitted a certified claim to the contracting officer on November 19, 1984. One year and 61 days later (January 20, 1986), the contracting officer had not issued a final decision. Defendant, citing *Pathman Construction Co. v. United States*, 10 Cl.Ct. 142 (1986), then on appeal, moved for dismissal because the suit had not been filed within the statutory one-year period after the November 19, 1984 deemed denial.[1] This suit was filed on July 21, 1986 and to this day the contracting officer has not issued a decision on plaintiff's claims.

On May 4, 1987 the United States Court of Appeals for the Federal Circuit issued its decision in *Pathman Construction Co. v. United States*, 817 F.2d 1573 (Fed.Cir. 1987). It reversed the opinion of the Claims Court:

> We conclude that the language of the [Contract] Disputes Act, its legislative history, and its basic purpose demonstrate that, contrary to the conclusion of the Claims Court in this case, the twelve-month limitations period for bringing suit in the Claims Court does not begin to run until the contracting officer has issued his decision on the contractor's claim.

*Pathman*, at 1576.

That opinion is binding upon this court and without cavil is directly applicable to this case. In light of *Pathman*, defendant's motion to dismiss must be denied. Defendant's motion to suspend proceedings in the case at bar pending a ruling by the Court of Appeals is moot. The court will not address the sanctions requested by plaintiff at this time.

IT IS SO ORDERED.

---

**1.** In its reply brief, defendant also moved to suspend proceedings until the United States Court of Appeals for the Federal Circuit ruled on *Pathman*.